**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD, a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ALLESHOUSE, an individual, YONG YEH, an individual, and PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 17-cv-0501 DMS (NLS)<br><br>**ORDER SETTING TELEPHONIC HEARING** |

Defendants' *Daubert* motions are currently pending before the Court. The Court has reviewed the parties' briefs, and requests argument from counsel on these motions. In advance of argument, the Court offers the following tentative observations: It appears Plaintiff's technical expert, Dr. Glen Stevick, did not render an opinion in his Rule 26 Report on the technological comparability of the licensed patent with the patents in issue. *See VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014) (stating "when considering past licenses to technologies other than the patent in suit," the parties "must account for differences in the technologies and economic circumstances of the contracting parties") (citations omitted)); *LaserDynamics, Inc. v. Quanta Computer, Inc.*,

694 F.3d 51, 79 (Fed. Cir. 2012) ("When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice."). *See also Commonwealth Scientific and Indus. Research Organisation v. Cisco Systems, Inc.*, 809 F.3d 1295, 1302 n.2 (Fed. Cir. 2015) (citations omitted) (excluding licenses as insufficiently comparable where the patented technology lacked a relationship to the licensed technology and the licenses were part of a litigation settlement agreement). It is unclear whether Dr. Stevik has an opinion on the technological comparability of the licensed patent and the patents in suit, and if he does, what that opinion is and what the bases for the opinion are. The reasonable royalty opinion of Plaintiff's damages expert may not be admissible in the absence of such foundational opinion testimony. Counsel should be prepared to address these issues at a telephonic hearing set for **January 23, 2019**, at **10:30 a.m.** Defense counsel shall organize and coordinate the conference call to the Court.

**IT IS SO ORDERED**.

Dated: January 18, 2019

Hon. Dana M. Sabraw
United States District Judge