# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITEWATER WEST INDUSTRIES, LTD., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ALLESHOUSE, an individual, YONG YEH, an individual, and PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 17-cv-00501 DMS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR FEES AND RELATED NONTAXABLE EXPENSES UNDER FRCP 54(D)(2)** |

This case comes before the Court on Defendants Pacific Surf Designs, Inc., Richard Alleshouse and Yong Yeh's motion for fees and related nontaxable expenses under Federal Rule of Civil Procedure 54(d)(2). Plaintiff Whitewater West Industries, Ltd. filed an opposition to the motion, and Defendants filed a reply.

The substantive basis for Defendants' motion for fees and expenses is the Employment Agreement between Plaintiff and Defendant Alleshouse. That Agreement states:

> If any legal action or other proceeding, including any bankruptcy proceeding, is brought for the enforcement of the Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection

> with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

(Decl. of Manuel de la Cerra in Supp. of Mot., Ex. A-1 ¶9.)  Plaintiff does not dispute that Defendants are the prevailing parties under the Agreement and therefore entitled to fees.  However, Plaintiff does dispute whether Defendants are entitled to all of the fees and expenses requested.

The fees and expenses requested fall into the following categories:  (1) attorneys' fees in the amount of $1,227,630.12, (2) travel expenses in the amount of $21,840.26, (3) copy costs, trial technology and support in the amount of $36,848.13, (4) eDiscovery expenses in the amount of $50,687.14, (5) court reporter fees in the amount of $3,142.40, (6) fees paid to Plaintiff's expert witnesses in the amount of $5,725.00, (7) courier costs in the amount of $650.95, (8) video deposition costs in the amount of $7,600.90, and (9) rebuttal expert witness fees in the amount of $224,642.86.  Plaintiff responds that Defendants' fees should be limited to the breach of contract and declaratory relief claims only, and that Defendants' request for expenses should be limited by California Civil Procedure Code § 1033.5.

The Court rejects Plaintiff's first argument that Defendants' fees should be limited to the breach of contract and declaratory relief claims only.  As Defendants point out, Plaintiff took the contrary position in its motion for fees following the bench trial in this case.  (*See* ECF No. 168 at 4-5) (arguing the fee provision in the Employment Agreement covered all of Plaintiff's claims).  Having staked that position in support of its own motion for fees, Plaintiff cannot argue now that Defendants' fees should be so limited.  Other than this argument, Plaintiff does not object that the amount of fees requested is unreasonable.  Accordingly, the Court grants Defendants' request for fees in the amount of $1,200,302.12.[1]

---

[1] Defendants requested fees in the amount of $1,206,412.12.  The Court declines to include $6,110.00 in additional fees charged by Defendants' former counsel Charanjit

1  Turning to Defendants' expenses, the parties appear to agree that California
2  Code of Civil Procedure § 1033.5 governs which expenses are recoverable.  As set
3  out above, the first category of requested expenses here are travel expenses in the
4  amount of $21,840.26.  Those expenses cover transportation to and from
5  depositions, court hearings and meetings, and food and lodging as necessary.
6  California Civil Procedure Code § 1033.5(a)(3)(C) allows for recovery of travel
7  expenses to attend depositions, therefore the Court grants Defendants' request to
8  recover those expenses.  Expenses to attend court hearings are not specifically
9  provided for in section 1033.5, but given Plaintiff's failure to object to those
10 expenses and Defendants' submission, the Court finds those expenses were
11 "reasonably necessary to the conduct of the litigation," Cal. Civ. P. Code §
12 1033.5(c)(2), and exercises its discretion to award those expenses, as well.  *See* Cal.
13 Civ. P. Code § 1033.5(c)(4) ("Items not mentioned in this section and items assessed
14 upon application may be allowed or denied in the court's discretion.")  The Court
15 declines to allow Defendants to recover the other expenses in this category, however.
16 Those expenses include travel costs for matters other than depositions and court
17 hearings, (*see*, *e.g.*, Decl. of Charanjit Brahma in Supp. of Mot. ("Brahma Decl."),
18 Ex. B2 at 70) (travel to meet with Mr. de la Cerra), travel expenses for the client,
19 (*see*, *e.g.*, *id.* at 228) (airfare for Mr. Yeh), and expenses that appear to be related to
20 another matter.  (*Id.* at 97, 110) (listing allocation for Flowrider v. Pacific Surf).
21 With those exceptions, the Court awards expenses in this category in the amount of
22 $18,135.67.
23  The next category of expenses is for copy costs and trial technology and
24 support.  Defendants request $36,848.13 for these expenses.  Plaintiff does not
25 specifically object to this request.  The Court has reviewed the evidence submitted,

---

28 Brahma because those fees were incurred prior to the filing of Defendants' motion, but not submitted until the reply brief.

and finds these expenses are recoverable under California Code of Civil Procedure § 1033.5(a)(13). Accordingly, the Court awards these expenses.

Next, Defendants request expenses for eDiscovery in the amount of $50,687.14. Plaintiff argues Defendants have not met their burden to show these expenses are recoverable, and thus the Court should deny this request.

Defendants concede section 1033.5 does not specifically provide for the recovery of expenses related to eDiscovery. Accordingly, Defendants bear the burden to show these expenses "were reasonable and necessary." *Foothill-De Anza Cmty. Coll. Dist. v. Emerich*, 158 Cal. App. 4th 11, 29 (2007) (citing *Nelson v. Anderson*, 72 Cal. App. 4th 111, 132 (1999)). To meet this burden, Defendants rely on a handful of district court cases that allowed for recovery of eDiscovery expenses, (*see* Mem. of P. & A. in Supp. of Mot. at 12) (citing cases), and a California case that did the same. *See Hooked Media Group Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 353-54 (2020). Plaintiff relies on a recent Supreme Court case that disallowed recovery of eDiscovery expenses, *see Rimini Street v. Oracle USA, Inc.*, ___ U.S. ___, 139 S.Ct. 873, 878 (2019), and district court cases following that decision, and argues the California case does not mandate recovery of these expenses in this case.

Clearly, there is case law to support either side's position here. This Court therefore relies on the burden of proof to resolve the dispute. As stated above, because eDiscovery costs are not specifically allowed under section 1033.5, and because Plaintiff objects to recovery of these expenses, Defendants bear the burden to show these expenses were "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation[.]" Cal. Civ. P. Code § 1033.5(c)(2). Here, the only evidence submitted in support of the reasonable necessity of these expenses is Mr. Brahma's Declaration, in which he offers a conclusory assertion that these costs "were reasonably necessary to the conduct of this litigation." (Brahma Decl. ¶38.) That assertion does not satisfy Defendants' burden of proof. *Lightbourne v. Printroom Inc.*, No. SACV13876JLSRNBX, 2015

WL 12732457, at *10 (C.D. Cal. Dec. 10, 2015) ("Stating in a conclusory fashion that electronic discovery services are necessary does not satisfy CBSI's burden of proof and persuasion as to this cost."). Thus, the Court denies Defendants' request to recover these expenses.

The next category of expenses are court reporter fees in the amount of $3,142.40. Plaintiff does not object to these expenses, and they are recoverable under section 1033.5(a)(11). Accordingly, the Court grants Defendants' request to recover these expenses.

The next item of expense is $5,725.00, which is the amount Defendants paid to depose Plaintiff's expert witnesses. Defendants fail to cite any provision of section 1033.5 that allows for the recovery of expert witness fees. Instead, they appear to be relying on the Court's discretion to award expenses under section 1033.5(c)(4). Defendants ignore, however, section 1033.5(b)(1), which specifically states expert fees are not recoverable as costs "except when expressly authorized by law[.]" Cal. Civ. P. Code § 1033.5(b)(1). Here, Defendants have not shown these fees are otherwise allowable by law, and thus, the Court denies Defendants' request to recover these fees.

Next, Defendants request $650.95 in courier fees, again subject to the Court's discretion. Plaintiff does not object to these fees, but Defendants have not shown they were reasonably necessary to the conduct of the litigation. Accordingly, the Court declines to award these fees.

The next item of expense is $7,600.90 in video-related deposition costs. Plaintiff does not object to these fees, and they are recoverable under section 1033.5(a)(3)(A). Accordingly, the Court awards Defendants' these expenses.

The final item of expense is $224,641.86 in fees Defendants paid to their experts. Defendants request that the Court exercise its inherent power to award these fees because Plaintiff's claims against Defendants were baseless. Obviously,

1  Plaintiff disagrees with that assertion, and objects to Defendants' request for
2  recovery of these fees.
3        The parties spend a considerable portion of their briefs arguing about the
4  merits of Plaintiff's claims, but the Court declines to wade into the deep end of that
5  discussion. Suffice it to say that although Defendants prevailed on appeal in this
6  case, this Court does not believe Plaintiff's claims were baseless. The broader
7  litigation between the parties also does not support a finding that Plaintiff's claims
8  in this case were baseless. Although Judge Benitez awarded Defendants fees under
9  35 U.S.C. § 285 in *Flowrider Surf Ltd. v. Pacific Surf Designs, Inc.*, Case No.
10 15cv1879 BEN(BLM), (*see* Case No. 15cv1879, ECF No. 308), he also declined to
11 find that Plaintiff or its counsel acted in bad faith in that case. Judge Benitez also
12 recently denied Defendants' motion for an exceptional case finding in *Whitewater*
13 *West Industries, Ltd. v. Pacific Surf Designs, Inc.*, Case No. 17cv1118 BEN(BLM).
14 (*See* Case No. 17cv1118, ECF No. 383.) Given this Court's familiarity with the
15 facts and parties in this case, and Judge Benitez's rulings in the other cases, this
16 Court declines to find that Plaintiff's claims in this case were baseless such that
17 Defendants are entitled to recover their expert witness fees. Accordingly, that
18 request is denied.
19       In light of the above, the Court grants in part and denies in part Defendants'
20 motion for fees and related nontaxable expenses. Specifically, the Court grants
21 Defendants' request for attorneys fees in the amount of $1,200,302.12, for travel
22 expenses in the amount of $18,135.67, for copy costs and trial technology and
23 support in the amount of $36,848.13, for court reporter fees in the amount of
24 $3,142.40, and for video-related deposition costs in the amount of $7,600.90, for a
25 / / /
26 / / /
27 / / /
28 / / /

total recovery in the amount of $1,266,029.22.  Defendants' request for eDiscovery expenses, courier costs and expert fees is denied.

**IT IS SO ORDERED**.

Dated:  May 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court